UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WELKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV48 RWS |
| | ) | |
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Christopher Welker claims he received ineffective assistance of counsel at the trial and appellate court levels. This matter is before me on his motion and amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motions will be denied.

**I.  Background**

On June 24, 2004, Welker pleaded guilty to the indictment charging him with being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) punishable under 18 U.S.C. § 924(e).

In Welker's plea agreement the parties waived the right to file a direct appeal, including a provision stating that the guidelines range of sentencing will be determined by the District Court and shall not be subject to appeal. The agreement also stated that Welker agreed to waive all rights to contest his conviction and sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

At the sentencing hearing on October 7, 2004, I made the determination, as a matter of

law, based on the presentence report, that Welker's previous burglary convictions were crimes of violence which led to the designation of Welker as an armed career criminal under the sentencing guidelines. Welker and the Government announced that they agreed that Welker could raise my armed career criminal determination on appeal as an additional exception to the plea agreement. Specifically, the parties agreed that Welker could appeal the issue of whether a determination by a court that burglary constitutes a violent felony as defined in 18 U.S.C. § 924(e)(2)(b) violates <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). That is, whether my determination amounts to judicial fact finding barred by the Sixth Amendment.

Based on his criminal history and offense level, I sentenced Welker to the mandatory minimum sentence of 180 months imprisonment. At sentencing I stated that Welker's sentence should begin immediately and authorized him to "get all credit for any time that he should since he has been in federal custody."

Welker appealed his sentence to the Eighth Circuit Court of Appeals, arguing that my determination that his burglary convictions were violent felonies was judicial fact finding barred by <u>Blakely</u>. The Court of Appeals affirmed its previous case law that the determination of whether a prior conviction is a violent felony is a question of law for the court and not an issue submitted to a jury. As a result, the Court of Appeals affirmed Welker's sentence.

Welker then filed the instant motions for relief under § 2255.

## II.     Grounds for Relief

In his § 2255 motion filed on April 5, 2006, Welker raises the following grounds for relief:

(1)     Trial counsel was constitutionally ineffective for failing to request, under the United States Sentencing Guidelines § 5G1.3(c), that Welker's sentence run concurrently with his state sentences;

(2) Appellate counsel was constitutionally ineffective for failing to timely notify Welker that his direct appeal had been denied which caused Welker to lose his opportunity to seek a writ of certiorari with the Supreme Court of the United States.

On October 16, 2006, Welker sought leave to amend his pending §2255 motion to add a claim for:

(3) Ineffective assistance of counsel for failing to challenge the constitutionality of 18 U.S.C. § 922(g)(1).

## III. Analysis

### A. *An Evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Welker's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the sake of argument in this matter, I accept Welker's assertion that his counsel failed to specifically ask for a concurrent sentence under § 5G1.3(c), he failed to timely inform Welker that his appeal had been denied, and he failed to seek dismissal of the indictment on the ground 18 U.S.C. § 922(g)(1) is unconstitutional. Because I accept Welker's factual allegations as to these three issues which are the basis of Welker's motion to vacate, there is no need to hold an evidentiary in this matter.

All three of Welker's claims are based on an ineffective assistance of counsel. To state a claim for ineffective assistance of counsel, Welker must prove two elements.

First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984).

In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689.

Second, Welker "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

(B)     *Counsel's failure to request a concurrent sentence under § 5G1.3(c)*

This matter arises from Welker's involvement in stealing firearms. In the underlying state proceeding, on January 27, 2003, Welker was sentenced in the Circuit Court of Cape Girardeau County, Missouri (Docket Number 02CR738208-01) for stealing firearms. In the present matter arising from the same incident Welker pleaded guilty of being a felon in possession of a firearm.

At the time Welker committed the stealing and felon in possession offenses he was on probation from three other previously imposed state sentences. Probation was revoked in all three cases before Welker was sentenced in this case.[1] In the underlying stealing firearms case

---

[1] The presentence report reflects the following:
Welker committed the instant offense on October 23, 2002. At the time he was on probation from a conviction in Cape Girardeau County, Docket Number CR98-1721FX, the probation was subsequently revoked on November 30, 2002, and Welker was sentence to four years in custody.
    At the time of the instant offense Welker was also on probation from a conviction in Cape Girardeau County, Docket Number CR599-1631FX, the probation was subsequently

Welker was given a five year sentence to run concurrently with the probation revocation sentences he was already serving.

Welker asserts that his trial counsel was ineffective for failing to move at sentencing, under U.S.S.G. § 5G1.3(c), for his federal sentence to run concurrently with the underlying state sentence for stealing. However, U.S.S.G. § 5G1.3 Note 3 recommends that when the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has such probation, parole, or supervised release revoked, the sentence imposed for the instant offense should be imposed consecutively to the sentence imposed for revocation. Because Welker's state sentence for stealing was imposed to run concurrently with his probation revocation sentences, the application of Note 3 would direct that Welker's federal sentence would run consecutively to those probation revocation sentences. At the time Welker was sentenced in this Court on October 7, 2004, he was still serving his probation revocation sentences along with his stealing sentence.

A review of the sentencing transcript shows that Welker's counsel was well aware that the guidelines recommended a consecutive sentence under the facts of this case. Yet counsel still requested that Welker's federal sentence begin to run immediately rather than consecutively to the state probation revocation sentences as recommended by the guidelines. Counsel stated the following:

---

revoked on November 30, 2002, and Welker was sentence to six years in custody to run consecutive to the sentence imposed in Docket Number CR98-1721FX above. The sentence for Docket Number CR599-1631FX is due to expire on October 10, 2009.
    In addition, at the time of the instant offense, Welker was also on probation from a conviction in Scott County, Docket Number CR599-1298FX, the probation was subsequently revoked on March 11, 2004, and Welker was sentence to four years in custody; due to be discharged on June 24, 2005.

> And a couple of things that we would like to point out here before we finish. One is that there are some -- there is, I believe, undischarged term of imprisonment. I also believe that that may -- that may be supposed to run consecutive to this. I'm going to personally be writing a letter to the Board of Probation and Parole for the State, but we would ask that this sentence begin immediately, understanding, too, that credit for time and all that is determined by the Bureau of Prisons.

Ultimately, I did not impose Welker's federal sentence to run consecutively as recommended by the guidelines. I was also predisposed to not run the federal sentence concurrent to his underlying state stealing sentence because that sentence was running concurrently with his probation revocation sentences. Instead I imposed a partially concurrent sentence by imposing his sentence "to begin immediately, [and] he's to get all credit for any time that he should since he has been in federal custody." According to the Federal Bureau of Prison records Welker was paroled into federal custody on June 15, 2005 and his federal sentence began to run on the date of sentencing, October 7, 2004, and Welker received an additional credit of two days of prior federal custody (October 25 and 26, 2002). If I had run Welker's sentence consecutive to his state sentences as recommended by Note 3, Welker's federal sentence would not have started to run until June 15, 2005.

Based on the foregoing, I find that Welker's counsel's performance at sentencing was not deficient. Indeed, despite the guideline's recommendation that Welker's sentence be imposed consecutively to Welker's state revocation sentences, his counsel requested that the federal sentence begin immediately. Based on a consideration of Note 3(C) I decided not to run Welker's sentence concurrently to his underlying state sentence. However, but for his counsel's request I was disposed to run Welker's sentence consecutively. His counsel's request gave

Welker the benefit of having his sentence begin immediately rather that consecutively as recommended by the guidelines.

Moreover, even if counsel's performance was deficient in failing to request a concurrent sentence, Welker fails to meet the prejudice requirement of an ineffective assistance of counsel claim.

In order for a counsel's performance to be constitutionally ineffective it must be objectively unreasonable and result in actual prejudice. Forsyth v. Ault, 537 F.3d 887, 891 (8th. Cir. 2008). "Prejudice exists only if there is a reasonable probability that the outcome would have been different had counsel's performance been adequate." Id. A court's decision to run a sentence concurrently or consecutively under U.S.S.G. § 5G1.3(c) is left to the discretion of the court. Because such a decision is discretionary, there is only a possibility, not a reasonable probability, that a court would impose a concurrent rather than a consecutive sentence if a motion under §5G1.3(c) is properly raised. A "mere possibility of prejudice" does not meet the actual prejudice threshold needed to establish an ineffective assistance of counsel claim. See Prewitt v, United States, 83 F.3d 812, 819 (7th Cir. 1996)(defendant's counsel's failure to raise a §5G1.3(c) motion created only a possibility of prejudice and did not qualify as actual prejudice to support an ineffective assistance of counsel claim).

As a result, I will deny Welker's claim of ineffective assistance of counsel on this point.

*(C)    Counsel's failure to timely inform Welker his direct appeal had been denied*

After he was sentenced, Welker filed a direct appeal in the Court of Appeals asserting his claim that my determination that his burglary convictions were violent felonies as defined in 18 U.S.C. § 924(e)(2)(b) violated Blakely. The Court of Appeals affirmed my judgment on May 16,

2005.  The Court stated that it has repeatedly held that a burglary conviction is a violent felony and that the determination of whether a prior conviction is a violent felony is a question of law for the court and not a issue to submit to a jury.

Welker asserts that he told his appellate counsel that he wanted to appeal this issue to the United States Supreme Court in the event that the Court of Appeals found no violation of Blakely.  Welker filed an affidavit with his present motion in which he asserts that the first time he learned that his appeal was denied was at some unspecified date in August 2005 from his counsel.  Welker claims that the ninety days within which to file a certiorari petition had already expired.  He claims his appellate counsel was constitutionally ineffective under the based on his failure to timely inform Welker his appeal had been denied.

The Court of Appeals for the Eighth Circuit has directly address such a claim in Steele v. United States, 518 F.3d 986 (8th Cir. 2008).  The court stated in Steele that the due process clause of the Fifth Amendment governs the right to counsel in appellate proceedings.  Id. at 987.  The court held that due process does not guarantee a right to counsel for a litigant seeking to file a certiorari petition.  Id. at 988 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).  Because a litigant is without a constitutional right to counsel to file a writ for certiorari, the litigant cannot be deprived of the effective assistance of counsel for the failure to file such a writ.  Id. (citing Wainwright v. Torna, 455 U.S. 586 (1982)).

As a result, Welker's claim that his counsel failed to file a writ, or to alert Welker that the time frame to file a  writ had begun, cannot succeed.  Id.

Moreover, the Steele court further stated that even if a right to counsel existed, a litigant must show that he suffered prejudice for his counsel's failure to file a petition to establish a claim

for ineffective assistance of counsel. Id. To establish prejudice, Welker would have to show not only that his writ would have been granted but also a reasonable probability that he would have obtained relief as to his challenged sentence. Because the case law is clear that a determination of whether a prior conviction is a violent felony is a question of law for the court and not a issue to submit to a jury, Welker cannot establish a reasonable probability but for his counsel's unprofessional errors, his sentence would have been different.

(D) *Counsel's failure to challenge the constitutionality of 18 U.S.C. § 922(g)(1) on direct appeal*

On October 16, 2006, Welker filed a motion to amend his § 2255 petition to add an additional claim. I granted Welker leave to amend his § 2255 petition. The additional claim asserts that his counsel was ineffective for failing to move for the dismissal of the indictment on the ground 18 U.S.C. § 922(g)(1) is unconstitutional.

This claim fails for two reasons. First, even assuming that counsel was deficient for failing to raise this claim, Welker cannot prove that he was prejudiced. The Eighth Circuit has repeatedly found Congress's power under the Commerce Clause to regulate possession of a firearm by a previously convicted felon under 18 U.S.C. § 922(g)(1) to be constitutional. See, e.g. United States v. Gary, 341 U.S. 829, 835 (8th Cir. 2003); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir.2002); and United States v. Shelton, 66 F.3d 991 (8th Cir. 1995). Welker's counsel was not ineffective for failing to raise such a meritless claim. Rodriguez, 17 F.3d at 226. As a result Welker cannot establish a reasonable probability that he would prevail on this constitutional challenge to carry his burden of establishing the prejudice prong of his ineffective assistance of counsel claim.

Second, this claim has been asserted for the first time after the statute of limitations had run under §2255 in which to file his appeal. The Court of Appeals denied Welker's direct appeal on May 16, 2005. His conviction became final on August 16, 2005, ninety days after the Court of Appeals issued its ruling on his direct appeal (because he did not file a petition for certiorari in this period which would have extended the date that his conviction became final). Thus, he had until August 16, 2006, to file a § 2255 motion for postconviction relief. United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006).

Welker's amended motion adding his 18 U.S.C. § 922(g)(1) claim was filed outside the one-year limitations period. Welker asserts that this untimely claim can relate back to the timely filing of his other two claims because all three are based on ineffective assistance of counsel.

The determination of whether a claim relates back to an initial pleading is controlled by Rule 15(c) of the Federal Rules of Civil Procedure. In order for a claim in an amended motion to relate back it "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." Hernandez, 436 F.3d at 857. Welker's original claim challenged his counsel's alleged failure to move for a concurrent sentence and the constitutionality of a judge determining whether a prior conviction is a violent felony. Both of these claims concern the sentence that Welker received.

Welker's amended claim attacks his underlying conviction by asserting the statute with which he was charged was unconstitutional. Challenging whether the charging statute is unconstitutional is not the same time and type of claim as challenging the sentence he received which Welker asserted in his original petition.

As a result, Welker's motion for relief under this claim will be denied.

Accordingly,

**IT IS HEREBY ORDERED that** the motions of Christopher Welker to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1, #15] are **DENIED**.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability, as Welker has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2009.